IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, No. B-62251, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-cv-1065-DRH |
| | ) |
| GREG LAMBERT and | ) |
| ILLINOIS ATTORNEY GENERAL, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Anthony Gay, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 Livingston County, Illinois, conviction for aggravated battery and unlawful possession of a weapon in a penal institution (Case No. 03-CF-146). Petitioner challenges his conviction on the grounds that his guilty plea was involuntary, his sentence was void, and his due process rights were violated by the prison's failure to put him on notice that his conduct would be treated as a violation of a state criminal statute (as opposed to merely being punished as an infraction under internal prison rules) (Doc. 1, pp. 9-10).

Petitioner indicates that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner.

Also before the Court is petitioner's motion to proceed *in forma pauperis*

(Doc. 2). Based on the financial information provided with his motion, petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

 **IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered (on or before November 22, 2012). This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

 **IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

 **IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

 Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. See *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), cert denied, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); see also Rules 2(a) and (b) of the Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, the

Illinois Attorney General is not a proper party.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 25, 2012**

Digitally signed by
David R. Herndon
Date: 2012.10.25
11:53:35 -05'00'

**Chief Judge**
**United States District Court**