IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GAY,

Petitioner,

v.                                         No. 3:12-cv-1065-DRH-DGW

GREG LAMBERT,

Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Before the Court are the Petition for a Writ of Habeas Corpus filed by Petitioner, Anthony Gay, on October 4, 2012 (Doc. 1) and the Motion to Dismiss filed by Respondent, Greg Lambert,[1] on January 30, 2013 (Doc. 15). For the reasons set forth below, the Motion to Dismiss is **GRANTED** and this matter is **DISMISSED for lack of jurisdiction**.

I.   Introduction and Background

Anthony Gay, an inmate currently residing in the Pontiac Correctional Center, is challenging a March 13, 2006 guilty plea, and two concurrent seven year sentences imposed by the Livingston County, Illinois Circuit Court, for aggravated battery and unlawful possession of a weapon by a person in the custody of the

---

[1] Petitioner currently is housed at the Pontiac Correctional Center where the acting warden is Randy Pfister. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Greg Lambert is **SUBSTITUTED** by Randy Pfister as Respondent herein.

Department of Corrections.[2] It appears that petitioner threw feces at a correctional officer while armed with a shank. This sentence is to run consecutive to his underlying sentence (and presumably other sentences petitioner has acquired while incarcerated).

Petitioner filed a direct appeal on November 22, 2006, asserting that his plea was not knowing and voluntary (Resp. Ex. A, p. 1). That appeal was rejected, *People v. Gay*, 945 N.E.2d 702 (Ill. App. Ct. 2007) (table), as was a Petition for Leave to Appeal (PLA). *See People v. Gay*, 882 N.E.2d 80 (Ill. 2008) (table). In considering his claim, the Illinois Court of Appeals found the following:[3] In exchange for the guilty plea, petitioner received two concurrent seven year sentences and two thirty-minute phone calls. Petitioner made one of his phone calls in March, 2006 in order to secure funds for a federal lawsuit in this District. After making the call, petitioner sought to withdraw his guilty plea on April 10, 2006, arguing that he was under "severe mental duress" and stress related to the federal lawsuit at the time of the guilty plea. Before the trial court, petitioner acknowledged that he made the plea deal solely to secure the phone calls and that he intended to seek to withdraw his guilty plea after making the calls. The trial court found that "defendant committed a 'purposeful, calculated fraud' upon the

---

[2] This case, titled 03-CF-146, is one of many aggravated battery cases that have been brought against petitioner while he has been incarcerated. *See People v. Gay*, 882 N.E.2d 1033, 1034 (Ill. App. Ct. 2007).
[3] State Court factual findings are presumed correct unless rebutted by petitioner, which he has not done. *See* 28 U.S.C. § 2254(e)(1). The following recitation is from Respondent's Exhibit A.

State and the court." The appellate court found that petitioner, after having been admonished of the consequences of pleading guilty, made a knowing and voluntary plea and that he was not under duress.

Petitioner also sought collateral review of this conviction by filing a post-conviction petition before the state trial court in December, 2008. That petition was rejected and petitioner appealed, raising only two grounds for relief. Before the Illinois Court of Appeals, he succeeded in a claim that the aggravated battery charge should have not have carried an extended term of incarceration (Resp. Ex. B, p. 7). *People v. Gay*, 2012 WL 7006321 (Ill. App. Ct. 2012). That sentence was accordingly reduced from seven years to five years. He was not successful on a claim that his constitutional rights were violated when he was not informed that his conduct could carry criminal penalties in addition to there being internal disciplinary violations. The Illinois Court of Appeals noted that because petitioner had been charged with the same crimes 20 additional times, he "cannot sincerely allege that he was not aware that throwing fecal matter on a correctional officer would subject him to potential criminal charges" (*Id.* at 9). A PLA was subsequently denied on May 30, 2012. *People v. Gay*, 968 N.E.2d 1068 (Ill. 2012) (table).

Just prior to filing for collateral relief with the state courts, petitioner filed a Petition for a Writ of Habeas Corpus in the Central District for the District of Illinois on November 14, 2008 regarding the March 13, 2006 guilty plea (Resp. Ex. C) (hereinafter "First Petition"). Petitioner made one claim identical to his claim on

Page **3** of **8**

direct appeal: he asserted that he was under duress when he pled guilty because of the impending dismissal of his federal lawsuit (*Id.* at 5). The First Petition was denied by District Judge Michael M. Mihm on June 19, 2009 (Resp. Ex. D):

> The Court finds nothing unreasonable in the Illinois Appellate Court's application of the law to the facts. This was not Gay's first trip to the rodeo, and his own testimony reveals that he acted intentionally and knowingly in entering his plea, albeit with the mistaken belief that he could have his cake and eat it too by withdrawing his plea as soon as the State had met its end of the bargain. There is no indication in the record that his plea was induced by threats or improper promises. To the contrary, Gay's testimony reveals that it was specifically engineered by him as a means to an undisclosed end (*Id.* at 6).

In the Petition for a Writ of Habeas Corpus now pending before this Court, petitioner raises three grounds for relief:

1. "my guilty plea was involuntary;"
2. "my sentence was void in essence making my guilty plea void;" and
3. "Due process rights were violated by not being put on notice that conduct would be treated as a violation of a state statute" (Doc. 1, pp. 9-10).

Petitioner is now essentially asserting the same claims made on direct and collateral appeal before the state courts. Petitioner makes no argument with respect to these claims and does not indicate how the state court erred in resolving these claims. Respondent has filed a Motion to Dismiss arguing that the Petition should be dismissed because petitioner failed to received permission from the Seventh Circuit Court of Appeals to file a second or successive Petition. Petitioner has not responded to the Motion to Dismiss.

## II. Standard

Title 28 U.S.C. §2254 provides that the Court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of the State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Accordingly, "[f]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law." *United States ex rel. Lee v. Flannigan*, 884 F.2d 945, 952 (7th Cir. 1989). Petitioners are "entitled to one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). Thus, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Petitioner's first claim, that his plea was involuntary, is the same claim that was raised in the First Petition and decided on the merits. That claim, then, is subject to § 2244(b)(1).

The next two claims are subject to § 2244(b)(2):

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>   **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
>   *Id*.

### III. <u>**Analysis**</u>

After filing the First Petition, petitioner sought collateral relief from the state courts as to the sentencing claim and the failure to inform claim. These two claims were not raised in his First Petition presumably because they were not ripe at that time and would have resulted in dismissal for want of exhaustion.

Prior to filing these claims in the present § 2254 petition, petitioner should have sought and received permission from the Seventh Circuit Court of Appeals. *Id.* at § 2244(b)(3)(A). The petition is subject to § 2244(b)(3)(A) as a second or successive habeas corpus application because it concerns the same judgment imposed by the state court on March 13, 2006. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007). As noted in *Burton*, petitioner risked, to his detriment, this finding by electing to file a petition prior to exhausting all claims for which he now seeks relief. *Id.* This is not a case where a prior petition was dismissed without prejudice for want of exhaustion or where an intervening judgment allows for a second-in-time petition: rather petitioner's one claim for relief was considered on the merits and no claim with respect to an intervening judgment has been made.

*See e.g. Suggs v. United States*, 705 F.3d 279, 282-284 (7th Cir. 2013).[4] There is no indication in the record that petitioner acquired permission from the Seventh Circuit Court of Appeals prior to filing the present petition. Without such permission, this Court lacks jurisdiction to entertain this Petition.

---

[4] Petitioner's second claim is that "my sentence is void in essence making my guilty plea void." Such a claim *may* fall within the parameters of *Magwood v. Patterson*, ___ U.S. ___, 130 S.Ct. 2788 (2010). In that case, the Supreme Court held that when a second § 2254 Petition challenges some aspect of resentencing, that Petition is not "second or successive" as the term is used in § 2244. Thus, a petitioner may file a "second" § 2254 Petition challenging a new sentence and it may be considered by the district court without prior approval from a court of appeals. *See also Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997) (holding that a second § 2254 Petition only challenging aspects of a resentencing is not "second or successive"). Petitioner in this case was resentenced following the Illinois Court of Appeals' order on collateral review: his seven year sentence for aggravated battery was reduced to 5 years but his 7 year sentence for possession of a weapon by an inmate was not reduced (Resp. Ex. B, p. 7). *People v. Gay*, 2012 WL 7006321 (Ill. App. Ct. 2012).

This claim, however, is so completely vague and lacking in any support or argument that this Court would not apply *Magwood*. There is no showing that Petitioner is raising a new claim that is rooted in his resentencing. Indeed, the claim itself essentially is challenging the underlying *guilty plea* notwithstanding the vague reason that the sentence is void. In *Suggs*, the Seventh Circuit noted that *Magwood* does not extend to a situation where a second petition challenges the underlying conviction after a resentencing. *Id.* 705 F.3d at 280-281; *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001). Petitioner has offered no argument that there was some defect in his resentencing or that some claim arose after resentencing that was not available when he filed his First Petition. *Dhaler*, 259 F.3d at 765 (holding that "a collateral attack presenting an issue that predated and was unaffected by resentencing is a challenge to the original conviction and sentence"). As noted by Judge Mihm, notwithstanding Petitioner's *pro se* status, this is not his first rodeo: if Petitioner was challenging some aspect of his resentencing, he should have made such a novel claim explicitly. Petitioner will not be allowed to do an end run around the requirements of § 2244 by making a vague claim that his sentence is void.

Page **7** of **8**

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss filed by Respondent, Greg Lambert, on January 30, 2013 (Doc. 15), and the petition for a writ of habeas corpus filed by petitioner, Anthony Gay, on October 4, 2012 (Doc. 1) is **DISMISSED with prejudice for lack of jurisdiction**. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 22nd day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.22 16:23:57 -05'00'

**Chief Judge**
**United States District Court**